UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

WILEY GREGORY MAYES,

        Plaintiff,

v.

UNKNOWN KEINITZ,

        Defendant.
_____/

Case No. 2:23-cv-17

Honorable Maarten Vermaat

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 4.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

### Discussion

I. **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan. The events about which he complains, however, occurred at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. Plaintiff sues LMF Lieutenant Unknown Keinitz.[2]

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] Plaintiff spells Defendant's last name as "Keinitz" and "Kienitz." The Court has adopted the spelling Plaintiff uses first in his complaint: Keinitz.

Plaintiff alleges that on March 18, 2022, at approximately 1:15 p.m., Defendant removed Plaintiff from a restraint chair. Plaintiff reports that he had been in it for the entire first shift. But Plaintiff's time in the restraint chair is not the focus of his complaint. When Plaintiff was released from the chair, he asked if Defendant "could . . . take the P.O.A. off me." (Compl., ECF No. 1, PageID.3.) When Defendant said no, Plaintiff asked if he could have a blanket to cover himself so that the P.O.A.'s "could not view [Plaintiff] in the nude." (*Id.*)[3] That is the focus of Plaintiff's complaint.

Defendant did not deny Plaintiff's request for a blanket; instead, he told Plaintiff that if Plaintiff cooperated and returned to Aspen Unit cell #202—the observation cell—Defendant would provide Plaintiff with a blanket. (*Id.*) Plaintiff cooperated. He returned to the cell, but Defendant did not provide a blanket. Defendant's shift ended. Plaintiff posed the same request to the second shift unit officers and shift command, to no avail. On third shift, at about midnight,

---

[3] A "P.O.A." is a Prisoner Observation Aid. *See, e.g.*, *Miller v. Stewart*, No. 15-14164, 2019 WL 2208466, at *1–2 (W.D. Mich. Mar. 1, 2019) (describing P.O.A. program); *Fairfaw v. Obiden*, No. 2:18-cv-00077, 2020 WL 1426497, at *1 (W.D. Mich. Jan. 22, 2020) (explaining that a P.O.A. is assigned to observe other prisoners on suicide watch). The *Miller* court explained:

> It is MDOC's policy to place prisoners who are suicidal or self-injurious in cells by themselves, under one-on-one, direct and continuous observation. (Dkt. 86-2, Ex. A, POA Training PowerPoint). For observation of these at-risk prisoners throughout each day, MDOC relies on a combination of corrections staff and prisoners assigned as POAs who are specially selected, trained, and carefully screened. *Id.* p. 3. . . .
>
> POAs' job duties require them to continuously observe the mentally ill prisoner to whom they are assigned on a given day, to log their observations at regular intervals, and to contact a corrections officer or other staff if a mentally ill prisoner is in distress, or if some other emergency arises. (Dkt. 86-4, Ex. C, Prisoner Observation Rules and Procedures, at 1). POA rules and procedures require each POA to maintain appropriate confidentiality of her observations. *Id.* at 3.

*Miller*, 2019 WL 2208466, at *1–2.

4

Plaintiff received a blanket. From early afternoon until midnight, however, Plaintiff "was forced to be in the nude while being monitored by multiple P.O.A.s." (*Id.*)

Plaintiff contends that Defendant blatantly disregarded Plaintiff's existence as a human. He seeks damages in the sum of $500,000.00.

**II.**     **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

5

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff does not identify a particular constitutional violation. It appears his allegations implicate the Eighth Amendment prohibition against cruel and unusual punishment.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with

"'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837.

Plaintiff's allegations are not particularly detailed; but it appears that the crux of his complaint is that being held naked under constant observation of fellow prisoners was inhumane. Plaintiff's allegations do not support an inference that he was too cold or otherwise deprived of the necessities for his health and safety. Instead, apparently, Plaintiff was embarrassed.

Certainly, if Plaintiff were held in those circumstances as a punishment, it would not be a stretch to see that punishment as contravening society's evolving standards of decency. *See, e.g.*, *Kent v. Johnson*, 821 F.2d 1220, 1227–28 (6th Cir. 1987) (concluding that there may be an Eighth Amendment violation where "female prison guards have allowed themselves unrestricted views of his naked body in the shower, at close range and for extended periods of time, to retaliate, punish and harass him for asserting his right to privacy") But Plaintiff's allegations do not support an inference that Defendant Keinitz was punishing Plaintiff. To the contrary, the facts alleged by Plaintiff, including the fact that he was being observed by POAs—who observe potentially suicidal or self-injurious inmates— support an inference that he was suicidal or otherwise at risk of self-harm. The actions of Defendant, therefore, did not hinder Plaintiff's health and safety, they

7

facilitated both. Plaintiff's allegations do not support an inference that Defendant Keinitz knew of and disregarded an excessive risk to inmate health or safety. Therefore, Plaintiff has failed to state an Eighth Amendment claim.

Moreover, even if Plaintiff had alleged that he was forced to endure cold temperatures without clothing, his allegations do not evidence conditions that posed a substantial risk of serious harm. Plaintiff was subjected to these conditions for a matter of hours, not even for a full day. Allegations about temporary inconveniences, e.g., being deprived of a lower bunk, subjected to a flooded cell, or deprived of a working toilet, do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Sixth Circuit and other courts have concluded that exposure to objectionable living conditions for periods of time longer than the period at issue in Plaintiff's complaint did not rise to the level of an Eighth Amendment violation. *See Grissom v. Davis*, 55 F.App'x 756, 757–58 (6th Cir. 2003) (holding that 7-day period where inmate was not given mattress, blanket, or sheets did not deprive her of basic human needs or cause her to suffer serious harm); *Wells v. Jefferson Cty. Sheriff Dep't*, 35 F. App'x 142, 143 (6th Cir. 2002) (finding that sleeping on a mattress on the floor in a cold cell for six days was not a constitutional violation); *Metcalf v. Veita*, No. 97-1691, 1998 WL 476254 at *2 (6th Cir. Aug. 3, 1998) (finding that an eight-day denial of showers, trash removal, cleaning, and laundry did not result in serious pain or offend contemporary standards of decency under the Eighth Amendment); *Martinez v. Gore*, No. 5:21-CV-P50-TBR, 2021 WL 2269987 at *3 (W.D. Ky. June 3, 2021) ("The Court finds that Plaintiff's claim that he spent four days with nothing but paper boxers to wear in a cold cell with no mat, sheets, blankets, shoes, socks, or other property, standing alone, does not state an Eighth Amendment claim."); *Weatherspoon v. Choi*, No. 1:14-

cv-707, 2015 WL 1282263, at *8 (W.D. Mich. Mar. 20, 2015) (concluding that it was a temporary inconvenience where the plaintiff had been stripped naked and held in an observation cell in near freezing temperatures but did not "allege that he suffered any negative physical effects from the cold temperature"); *Robinson v. McBurney*, No. 2:07-cv-85, 2009 WL 440634, at *2 (W.D. Mich. Feb. 23, 2009) (finding that placement in a stripped and cold observation cell wearing only a paper gown while on suicide watch were "temporary and isolated inconveniences.").[4]

Finally, the inconveniences attributable to this Defendant ended when his shift ended. At that point, whether or not Plaintiff received the blanket he desired depended upon the officers and commanders on the second shift, not Defendant Keinitz. The entirety of the deprivation of which Plaintiff complains was temporary, but Defendants Keinitz's involvement was even more temporary.

For all of these reasons, the Court concludes that Plaintiff has failed to state a claim for violation of his Eighth Amendment rights.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might

---

[4] That does not mean that a defendant could not abuse restraint chairs or suicide observation cells. *See, e.g.*, *Simpkins v. Boyd Cnty. Fiscal Ct.*, No. 21-5477, 2022 WL 17748619 (6th Cir. Sept. 2, 2022). It simply means that Plaintiff's allegations do not support any inference that such abuse occurred here.

raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   February 27, 2023                     /s/ *Maarten Vermaat*
                                                         Maarten Vermaat
                                                         United States Magistrate Judge